UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                          Chapter 11

1405 Union LLC,                                                 Case No.

                                    Debtor.
------------------------------------------------------------x

**DEBTOR'S DECLARATION**
**PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4**

      Eli Levy a/k/a Feivel Eliezer Schlanger declares the following under penalties of perjury pursuant to 28 U.S.C. § 1746:

      1.    I am the managing member of 1405 Union LLC (the ōDebtorö) and as such I am fully familiar with the facts and circumstances set forth herein.

      2.    I respectfully submit this Declaration in support of the Debtorøs Chapter 11 filing pursuant to Local Rule 1007-4 to assist the Court, creditors and other parties-in-interest in understanding the circumstances necessitating the filing of the Chapter 11 petition, the Debtorøs debt and capital structure, and the Debtorøs plans to emerge from bankruptcy.

**Lead-Up to the Chapter 11 Filing**

      3.    This Chapter 11 case is necessitated by the conduct of unscrupulous lenders and attorneys who have misled my sister, Chana Drizin, and her family regarding the intended refinancing of a residential home mortgage currently held by PFSC SovcomBank (the ōLenderö), leaving the family vulnerable to an imminent forfeiture of their home.

      4.    In the process, my sisterøs family and I were duped into signing a host of documents without proper counsel, including powers of attorney, amendments to operating agreements, and pledges, all in the misguided belief that these papers were needed for a legitimate refinancing.  Only during the last few days has the family learned that the refinancing

1

did not materialize, that the house is about to be foreclosed upon by the Lender through a self-effectuating pledge that potentially becomes operative on November 30, 2020.

5.      The news of the inability to obtain refinancing was both sudden and shocking.  Thus, this Chapter 11 is being launched to preserve the equity in my sister's home at 1405 Union Street, Brooklyn, NY 11213 (the "Property"), while efforts are made to obtain refinancing from a legitimate lender.

6.      The Property has been in hands of my sister's family for many years.  To enhance my sister's and her husband's credit standing, I took title for her benefit, and helped her obtain a mortgage from Chase Bank.

7.      The Chase Bank loan fell into default, and was refinanced with a one-year "hard money" loan made by NY Principal Funding Corp in 2019, which was ultimately assigned to the Lender.  The Property was transferred to the Debtor in connection with the hard-money loan.

8.      The goal was to refinance this short term mortgage, which my sister understood would be closing shortly before Thanksgiving.  It was during the Thanksgiving holiday that my sister learned that the financing had not been approved, leaving the Property vulnerable to forfeiture under the hard-loan documentation.

9.      The Property has a current value of $2.3 million, while the underlying mortgage debt is no more than $1.2 million including disputed interest.  The overall equity should not be forfeited at the hands of people who preyed on the family's vulnerability.

10.     Any restrictions on the Debtor's right to seek Chapter 11 relief were fraudulently obtained by the Lender and its predecessors, and will be vigorously challenged during the Chapter 11 case.

2

11.     I remain the legitimate manager of the Debtor.  Everyone else involved, including the family's attorney, Joseph Balisok Esq. of Balisok & Kaufman, PLLC, are disreputable.

12.     Unfortunately, my sister's family is not privy to all relevant documents. Accordingly, the Debtor reserves the right to supplement this Declaration as more information becomes available.  In the interim, the Debtor intends to start a new refinancing process with responsible representation.

### Local Rule 1007-4 Disclosures

13.     Pursuant to Local Rule 1007-4(a)(iv) and (v), no committees were formed prior to the filing of the Debtor's Chapter 11 Petition.

14.     Pursuant to Local Rule 1007-4(a)(vi), a list of the Debtor's creditors is attached hereto.

15.     Pursuant to Local Rule 1007-4(a)(vii), the Lender, as defined above, remains the Debtor's sole secured creditor.

16.     Pursuant to Local Rule 1007-4(a)(viii), the Debtor's assets and liabilities will be set forth in formal bankruptcy schedules to be filed within fourteen (14) days of the date hereof.

17.     Pursuant to Local Rule 1007-4(a)(ix), the membership interest in the Debtor is not publicly traded, and is held by me.

18.     Pursuant to Local Rule 1007-4(a)(x), none of the Debtor's assets are in the possession or custody of any custodian, public officer, mortgagee, pledge, assignee of rents or secured creditor.

19.     Pursuant to Local Rule 1007-4(a)(xi), the Property is subject to the Lender's mortgage.

20.     Pursuant to Local Rule 1007-4(a)(xii), the Debtor's books and records are located in Brooklyn, NY.

21.     Pursuant to Local Rule 1007-4(a)(xiii), the Debtor is not subject to any pending lawsuit.

22.     Pursuant to Local Rule 1007-4(a)(xiv), I serve as the Manager of the Debtor without compensation pursuant to the terms of the Debtor's Amended Operating Agreement.

23.     Pursuant to Local Rule 1007-4(a)(xv), the Debtor has no current employees.

24.     Pursuant to Local Rule 1007-4(a)(xvii), the Debtor anticipates incurring disbursements in the next 30 days of less than $10,000 which is comprised mainly of mortgage payments, taxes and insurance

Dated:    Brooklyn, New York
          November 29, 2020

                              By:     /s/ Eli Levy